# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 1, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES PENNINGTON JR.,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1453**  (BOR Appeal No. 2047357)
(Claim No. 2011025143)

**VIRGINIA ELECTRIC AND POWER COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Pennington Jr., by S. F. Raymond Smith, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Virginia Electric and Power Company, by George Roeder III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 15, 2012, in which the Board affirmed a June 11, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 29, 2011, decision denying Mr. Pennington's request to add L5-S1 annular tear as a compensable component of the claim, and further determined that Mr. Pennington was not eligible for temporary total disability benefits or medical benefits in connection with his compensable injury. The Office of Judges also affirmed the claims administrator's July 29, 2011, decision denying authorization for medical treatment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Pennington injured his lower back on January 11, 2011, while manipulating a pipeline joint, and the claim was held compensable for a low back strain. Prior to the January 11, 2011, injury, Mr. Pennington was treated for generalized aches and pains, including chronic lower back pain, and was ultimately diagnosed with fibromyalgia. A November 16, 2009, lumbar

1

spine MRI revealed a mild protrusion-type herniation at L5-S1 exhibiting signal abnormality consistent with an annular tear. A second lumbar spine MRI was performed on June 2, 2011, following the compensable injury, and also revealed a small protrusion or herniation at L5-S1 exhibiting signal abnormality consistent with an annular tear. On July 29, 2011, the claims administrator denied Mr. Pennington's request to add L5-S1 annular tear as a compensable component of the claim, and further stated that Mr. Pennington was not eligible for temporary total disability benefits or medical benefits in connection with the January 11, 2011, injury. Also on July 29, 2011, the claims administrator denied Mr. Pennington's request for authorization of medical treatment. On February 6, 2012, William Russell, M.D., performed an independent medical evaluation. He reviewed the November 16, 2009, and June 2, 2011, MRIs and concluded that no progression or worsening of Mr. Pennington's lumbar spine anatomy had occurred in the interval between the two studies.

On appeal to this Court, Mr. Pennington has appealed only the denial of his request to reopen his claim for temporary total disability benefits. In its Order affirming the claims administrator's July 29, 2011, decisions, the Office of Judges held that Mr. Pennington's request to reopen the claim for temporary total disability benefits was properly denied because Mr. Pennington's L5-S1 annular tear pre-existed the compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of November 15, 2012. On appeal to this Court, Mr. Pennington asserts that he is entitled to a reopening of his claim for further consideration of temporary total disability benefits because he was rendered temporarily and totally disabled as a result of the January 11, 2011, compensable injury.

The Office of Judges found that a review of the November 16, 2009, and June 2, 2011, lumbar spine MRIs clearly demonstrates that the L5-S1 annular tear pre-existed the January 11, 2011, compensable injury. The Office of Judges noted that Allan Kunkel, M.D., Mr. Pennington's primary care physician, stated that Mr. Pennington sustained an L5-S1 annular tear in a work-related injury on January 11, 2011. The Office of Judges further noted that Donald Hoffman, M.D., Mr. Pennington's neurologist, stated that the L5-S1 annular tear likely occurred at the time of the January 11, 2011, injury, although he stated that his conclusion could not be verified without the benefit of an MRI predating the January 11, 2011, injury. Given the findings present on the November 16, 2009, MRI, the Office of Judges concluded that Dr. Kunkel and Dr. Hoffman are clearly unaware of its existence.

West Virginia Code §§ 23-5-2 (2005) and 23-5-3 (2009) provide that in order to obtain a reopening of a claim, the claimant must show in a written application that he has suffered a progression or aggravation of a compensable condition, or show some other fact or facts that were not previously considered and would entitle the claimant to greater benefits than he has already received. As was previously discussed, the evidentiary record clearly demonstrates that the L5-S1 annular tear predated the compensable injury. The compensability of the annular tear was denied and Mr. Pennington did not appeal that decision to this Court. Therefore, the only compensable condition in the instant claim is the low back sprain. Mr. Pennington has failed to show that he sustained a progression or aggravation of the compensable low back sprain, or that previously unconsidered facts exist. As was noted by the Office of Judges, Dr. Kunkel did not recommend that Mr. Pennington cease working until he reviewed the results of the June 2, 2011,

lumbar spine MRI. His recommendation to Mr. Pennington that he cease working appears to have stemmed from his belief that the June 2, 2011, MRI revealed an L5-S1 annular tear that occurred at the time of the January 11, 2011, compensable injury. Moreover, Christopher Martin, M.D., found in a May 9, 2011, independent medical evaluation that Mr. Pennington had reached maximum medical improvement with regard to the only compensable component of the claim, namely the low back sprain. Incidentally, West Virginia Code § 23-4-7a (2005) states that temporary total disability benefits are not paid after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. As it has been determined that Mr. Pennington has reached maximum medical improvement with regard to the only compensable component of the claim, he is not entitled to temporary total disability benefits pursuant to West Virginia Code § 23-4-7a.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 1, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II